UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

BURCKHART SEARCH GROUP, INC.;
ANGEL BURCKHART LÓPEZ,

    Plaintiffs,

    v.

DORAL FINANCIAL CORPORATION,
et al.,

    Defendants.

Civil No. 11-1565 (JAF)

**OPINION AND ORDER**

Pending before this court are two separate motions filed by Codefendants seeking attorneys' fees and costs as the prevailing parties in an action brought under 45 U.S.C. § 1988, 28 U.S.C. § 1927, Local Rule 54(a), and Puerto Rico Rule of Civil Procedure ("PRRCP") 44.1(d). (Docket Nos. 57; 58.) These motions have been filed in response to our earlier Opinion and Order of November 30, 2011 (Docket No. 49.) Plaintiffs oppose. (Docket No. 59.) Because Plaintiffs' claims were vexatious, we grant Codefendants' motions as follows.

**I.**

**Factual and Procedural History**

Burckhart Search Group, Inc. ("BSG") and Codefendant Careers, Inc. ("Careers") offer similar services in Puerto Rico for the search, evaluation, and recruitment of high-level professional executive personnel in commerce and industry. Codefendant Doral Financial Corporation ("Doral") contracted with BSG for such services. On May 7, 2007, Plaintiffs

brought suit in the Commonwealth Court of First Instance claiming that Codefendant Doral was in breach of a contract for commissions due to BSG after Doral hired a candidate that BSG had recommended. After negotiations to settle the case failed, Plaintiffs brought suit against three different Commonwealth judges and questioned their impartiality in an attempt to compel compliance with the uncompleted settlement agreement. On June 16, 2011, Plaintiffs brought suit in this court against the three Commonwealth judges; Careers and Doral, the two corporations involved in the Commonwealth case; several officials of each corporation; and the attorneys of each corporation.[1] The fifty-seven-page-long amended complaint filed by Plaintiffs alleged "a galactic array of injustices, intrigues and conspiracies." (Docket No. 49 at 2.) Plaintiffs sought relief under 42 U.S.C. § 1983, the Clayton Act, 15 U.S.C. § 12-27, and the Sherman Act, 15 U.S.C. § 1-7. In our Opinion, we dismissed all of Plaintiffs' claims with prejudice. There, we wrote, "this case, at the very least, borders on vexatious [litigation]." (Docket No. 49 at 17-18.) On January 3, 2012, the Plaintiffs filed a Notice of Appeal (Docket No. 52.) Shortly thereafter, the Plaintiffs filed a Motion to Dismiss their appeal. On February 16, 2012, the First Circuit Court of Appeals issued a judgment dismissing the appeal. (Docket No. 55.) On March 1, 2012, The Doral Codefendants filed a motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 or, in the alternative, 28 U.S.C. § 1927. A few days later, on March 6, 2012, the Careers Codefendants filed a motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1927.

---

[1] A fuller summary of the facts and our analysis of this case may be found in our earlier Opinion and Order.

Civil No. 11-1565 (JAF) -3-

## II.

## Discussion

**A.   Attorneys' Fees Under 45 U.S.C. 1988**

Plaintiffs responded to the Doral Codefendants' motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 by asserting that said codefendants were time-barred by application of Local Rule 54.  See Local Rule 54 ("An application for fees in all other cases shall be filed within fourteen (14) days after issuance of the mandate."); see also Fed. R. Civ. P. 54(d)(2)(B/D).  We agree that the Doral Codefendants' motion for fees under 42 U.S.C. § 1988 is time-barred, as the motion was filed two days beyond the time limit set forth in Local Rule 54.

**B.   Attorneys' Fees under 28 U.S.C. § 1927**

Pursuant to 28 U.S.C. § 1927, a court may order counsel to pay the excess costs of litigation when "an attorney's" conduct in multiplying proceedings is unreasonable and harassing or annoying."  See 28 U.S.C. § 1927 ("Any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").  See also Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990) (A district court may award § 1927 sanctions when an attorney's conduct shows a "serious and studied disregard for the orderly process of justice."); Chambers v. Nasco, 501 U.S. 32, 45-46 (1991) (District courts have the inherent power to sanction a party who "acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") .

Civil No. 11-1565 (JAF)                                                                                              -4-

The First Circuit does not require a "finding of subjective bad faith as a predicate to the imposition of sanctions." Cruz 896 at 631–32; see also United States v. Nesglo, Inc. 744 F.2d 887, 891 (1st Cir. 1984). Moreoever, § 1927 does not apply to "[g]arden-variety carelessness or even incompetence." Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008). While negligence, inadvertence or incompetence do not mandate sanctions, when an "attorney's actions ... evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court" sanctions may be imposed. Id. See also Bolivar v. Pocklington, 975 F.2d. 28, 33 (1st Cir. 1992).

As is thoroughly discussed in our Opinion and Order, Plaintiffs devoted more than four years to litigating a breach-of-contract claim filed in the Commonwealth Court of First Instance. As we made clear, Plaintiffs' claims—including allegations of § 1983 civil rights violations and a conspiracy among Commonwealth judicial officers—did not only fail for lack of evidence; there was no reasonable basis in law or fact to assert any claims against the Codefendants in the first place. Moreover, Plaintiffs unreasonably and vexatiously multiplied the proceedings in this case by (1) bringing claims to this court that had already been litigated to some degree in Commonwealth courts; (2) needlessly pursuing claims after it became clear they would not succeed; and (3) continuing to assert threadbare allegations and claims that were not well-grounded in fact or in law. (Docket No. 59.) Beyond merely bringing frivolous claims, Plaintiffs' counsel multiplied proceedings unnecessarily, and expended this court's limited time and resources.

Civil No. 11-1565 (JAF)                                                                                                    -5-

We are aware that a court should be cautious when contemplating § 1927 sanctions. Indeed, the requirement that the "multiplication of the proceedings be 'vexatious' necessarily demands that the conduct sanctioned be severe." <u>Cruz</u>, 896 F.2d at 632.  It is worth remembering then that the Codefendants incurred substantial fees and expenses in defending this suit and, after over six years of litigation, prevailed against all of Plaintiffs' claims.  An award of fees and costs is justified under § 1927 because the Plaintiffs' suit was without merit and because Plaintiffs' attorneys unnecessarily and vexatiously multiplied the proceedings to a degree that justifies relief.

Therefore, we hereby **GRANT** Codefendants' requests for attorney's fees.  (Docket Nos. 57; 58.)  Based on the foregoing, Plaintiffs will be jointly and severally liable to the Doral Codefendants in the amount of $36,281.00, plus any interest accrued, and to the Careers Codefendants in the amount of $7,893.75, plus any interest accrued.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of January, 2013.

                                                        s/José Antonio Fusté  
                                                        JOSE ANTONIO FUSTE  
                                                        United States District Judge